IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER §
OF THE BAR OF THE SUPREME §
COURT OF THE STATE OF §     No. 61, 2017
DELAWARE: §
§
§
    S. HAROLD LANKENAU, §
§
    Respondent. §

Submitted: March 8, 2017
Decided: March 9, 2017

Before **HOLLAND**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 9th day of March 2017, it appears to the Court that:

(1)    This is a lawyer disciplinary proceeding. The Respondent, S. Harold Lankenau is currently suspended from practicing law for a period of eighteen months that commenced on February 22, 2016.[1]  On February 7, 2017, the Board on Professional Responsibility filed a report with this Court recommending that Lankenau's current eighteen month suspension be extended for an additional six months. The Board made that recommendation after it determined that Lankenau's testimony during his prior disciplinary hearing knowingly concealed unrelated ethical violations. A copy of the Board's report is attached to this order. Both the Office of Disciplinary Counsel and Lankenau have filed objections to the Board's report.

---

[1] *In re Lankenau*, 138 A.2d 1151 (Del. 2016).

(2)    The Court has considered the matter carefully.  We find the Board's recommendation of a suspension for an additional six months to be appropriate. Thus, we accept the Board's findings and recommendation for discipline and incorporate the Board's findings and recommendation by reference.

NOW, THEREFORE, IT IS ORDERED that the Board's February 7, 2017 report is hereby ACCEPTED and Lankenau's current eighteen month suspension is extended for an additional six months.  The Office of Disciplinary Counsel shall disseminate this Order in accordance with Rule 14 of the Delaware Lawyers' Rules of Disciplinary Procedure.

BY THE COURT:

_____
Justice

2

EFiled: Feb 07 2017 10:37AM EST
Filing ID 60174019
Case Number 61,2017

# REPORT OF THE BOARD ON PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF A | ) | CONFIDENTIAL |
| MEMBER OF THE BAR | ) | BOARD CASE # 112867-B |
| OF THE SUPREME COURT | ) | |
| OF DELAWARE | ) | |
| | ) | |
| S. HAROLD LANKENAU, | ) | |
| RESPONDENT. | ) | |

## REPORT AND RECOMMENDATION

A Panel of the Board on Professional Responsibility, consisting of Richmond L. Williams, Esquire, Chair, John L. Reed, Esquire and Deborah L. Miller (the "Panel"), conducted a hearing on November 17, 2016, regarding the counts in the petition for discipline filed against Respondent. The Office of Disciplinary Counsel was represented by Patricia Bartley Schwartz, Esquire and the Respondent was represented by himself. The transcript of the Hearing was filed on December 9, 2016, at which time the record on this matter closed.

A pre-hearing conference was held by the Panel Chair on November 1, 2016. The Respondent, at that time acknowledged that he had not and would not answer the Petition. Accordingly, the Panel Chair found that the allegations of fact and charges in the Petition were deemed admitted.

The Panel Chair, sua sponte, raised the issue of whether, by admitting the allegations in the Petition,[1] Respondent had admitted facts that supported a finding that he had also violated Rule 3.3(a)(1) of the Delaware Lawyers' Rules of Professional Conduct (the "Rules"), which states:

> Rule 3.3 Candor toward the tribunal
>
>> (a) A lawyer shall not knowingly:
>>> (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

The Panel Chair advised respondent of his procedural rights at the hearing, which included his right to put on evidence and make arguments regarding whether he also violated Rule 3.3(a), as well as put on evidence and make arguments regarding what sanctions are appropriate for any violations that the Panel should find, including the ability to offer evidence in support of mitigating factors Respondent would like the Panel to consider.

---

[1] In particular, Paragraph 8 of the Petition.

At the hearing, the Office of Disciplinary Counsel requested that the Petition be deemed amended to include violations of Rule 3.3(a)(1) and Rule 8.4(c), based upon allegations in the Petition that Respondent has admitted. The Panel granted this request, recognizing that under Rule 15(b) of Delaware Lawyers' Rules of Disciplinary procedure, "except as otherwise provided by these Rules, the Rules of Civil Procedure for the Superior Court of the State of Delaware shall apply to the extent practicable...." and that pursuant to Rule 15(b) of the Superior Court Rules of Civil Procedure (Amendments to conform to the Evidence) issues not raised by the pleading may be treated as if they had been raised by the pleadings if they are tried by express or implied consent of the parties. Respondent did not object to the pleadings being amended in this manner but indicated that he did not agree that the evidence supported a finding that he had violated Rules 3.3(a)(1) and 8.4(c) based upon a failure to disclose all of the matters he filed in Delaware courts at his previous disciplinary hearing.

The Panel indicated that the hearing would be bifurcated, with the first portion addressing the charges alleged in the Petition, as amended, and the second portion addressing what sanctions were appropriate for any violations found by the Panel.

Violations Hearing.

Accordingly, in the first part of the hearing, the Panel took evidence on the issue of whether there was clear and convincing evidence to support a finding that Respondent had violated Rule 3.4(c) (requiring a Delaware Office); Rule 3.3(a)(1) (requiring candor to a tribunal);Rule 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation) and Rule 8.4(d) (prohibiting conduct prejudicial to the administration of justice).

Paragraph 2 of the Petition alleges that Petitioner was suspended from practice on June 9, 2019 for violation of the Rules by the Supreme Court in *In re Lankenau*, 138 A.2d 1151(Del. 2016). (*Lankenau 1*). Paragraph 3 of the Petition alleges that Respondent was terminated from the Lundy Law Firm in September 2014 for taking firm funds. This misconduct was one of the alleged forms of misconduct which formed the basis of the disciplinary proceedings that resulted in the suspension in *Lankenau 1*. Paragraph 4 of the Petition alleges that Respondent began practicing law in Pennsylvania at the Kofsky Firm in December 2014 and that the Kofsky firm did not have a Delaware office.

Paragraph 5 of the Petition alleges that the hearing in *Lankenau 1* was held on November 12, 2015.

Paragraph 6 of the Petition stated that Respondent had filed a complaint in Superior Court in Kent County on September 2, 2015 on behalf of Amos and Jessica Pickens. Paragraph 7 of the Petition alleges that Respondent had filed a complaint in Superior Court in Kent County on November 9, 2015 on behalf of Kawauan Chavis, et al.. This was 3 days prior to the Hearing in

2

*Lankenau 1*. By failing to respond to the Petition, Respondent was deemed to have admitted these allegations of fact.

Paragraph 8 of the Petition stated: "At the November 12[th] Hearing [leading to the decision in *Lankenau 1*], Respondent testified while working at the Kolfsky firm he handled *one* Delaware case. Respondent testified he served as local counsel on the Medford Holmes case which was pending in the United States Delaware District Court. See page 65 of the Hearing Transcript attached as Exhibit 4." (footnote omitted, emphasis added).

At the hearing in this matter, ODC called Respondent who confirmed that he began working at the Kofsky Law Firm in December 2014[2] and that firm did not have a Delaware office.[3] He confirmed that, as of the time of the hearing in *Lankenau 1*, he was still employed by that firm.[4] He confirmed that he filed the Pickens and Chavis complaints in Delaware Superior Court. He further testified that although these were not his matters, he told Mr. Kofsky that he needed to find an attorney in Delaware to act as local counsel in order to be able to file the suit.[5] Nevertheless, when he was asked at the last minute to file the complaints to avoid missing the statute of limitations, he filed the complaints knowing he did not have a Delaware office.

Superior Court Civil Rule 90 requires members of the Delaware Bar to maintain an office in Delaware in order to be able to practice as an attorney in that Court.[6] Respondent's testimony establishes that he was aware of this requirement. Knowing this requirement and that the Kofsky firm did not have a Delaware office, Respondent nevertheless filed two complaints in Delaware Superior Court. Under these circumstances, we do not accept as an excuse that Respondent was facing conflicting ethical obligations. There is no evidence on the record to suggest that when asked by his employer to file the complaints, Respondent attempted to secure local counsel or that he had exhausted his options to protect his clients without violating his obligation to have a Delaware office.

The panel finds that the Office of Disciplinary Counsel has established by clear and convincing evidence that Respondent violated Rule 3.4(c) when he knowingly violated Superior Court Civil Rule 90, by filing a complaint in Superior Court at a time when he was not maintaining a Delaware office. The Panel also finds that by practicing law in Delaware without a Delaware office is conduct prejudicial to the administration of justice.

Respondent agreed that his testimony in the *Lankenau 1* hearing did not disclose the existence of the two Superior Court cases, one of which was filed only three days prior to that hearing.[7] Even though he testified that his intent was to substitute another attorney if the matters did not settle,

---

[2] Transcript of the hearing in the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: S. Harold Lankenau, ODC File No. 112867-B, November 17, 2016, at 16, 20 (hereinafter "Tr. at__").
[3] Tr. at 15.
[4] *Ibid.*
[5] *Id.*, at 16.
[6] Superior Court Civil Rule 90(a) provides in relevant part: "only members of the Bar of the Supreme Court of this State currently entitled to practice in that Court who maintain an office in Delaware for the practice of law shall be entitled to practice as an attorney in this Court."
[7] Tr. at 21.

the evidence is clear that he knew that he had filed these suits. He claimed that he did not intend to deceive the panel. However, he testified he "gave a vague answer"[8] that did not disclose the existence of the Pickens and Chavis matters.[9] As justification for not providing a complete and accurate answer, he asserted that he was overwhelmed and not thinking completely clearly after having testified for 45 minutes to an hour.[10]

The testimony in question arose in response to questions by Respondent's counsel. After establishing that Respondent joined the Kofsky firm on December 1st of 2014, his counsel asked if Respondent had "any activity in Delaware" since then. Respondent does not challenge the implication that he was being asked to state whether he was currently practicing in Delaware in any capacity. In this context, his testimony can only be viewed as evasive and deliberately incomplete: "There was a case – another case I was local counsel for that I since – this was one of the ones that Leonard and I discussed, the Medford [Holmes] case. I have since told them to find different counsel."[11] This suggests, without specifically saying, that Respondent did not currently have any suits in Delaware courts. He did not mention the Pickens and Chavis complaints, which were clearly called for if his answer was to be considered accurate and complete and the tribunal not be left with a false impression. False testimony includes both testimony that states information that is incorrect and testimony that is inaccurate or misleading because it is incomplete.[12] Respondent's testimony falls into the second category. However, in contrast to *In re Poliquin*, in which the respondent did advise the Court of the incorrect information that had been provided to it, Respondent in this matter did nothing to supplement his incomplete and incorrect testimony or correct any incorrect impression his testimony may have created. Subsequently, he was served with the Petition in this matter and knowingly waived objections to the allegations contained therein, including those in Paragraph 8.

Respondent has argued that this topic was not relevant to the charges in *Lankenau 1*. We agree. He also seems to argue that if a matter is not central to the allegations supporting a finding of violation of the Rules of Professional Responsibility, it is not important that his testimony be accurate and complete. We disagree as a matter of principle. However, in this instance the implications go beyond general principle. Information about Respondent's practice subsequent to the period in question in his disciplinary case may have a bearing on the outcome of that matter. In this specific case, the question of whether a lawyer has engaged in other misconduct, whether charged or not, is relevant in the consideration of whether to enhance or decrease the presumptive sanction as part of the sanctions evaluation. In addition, testimony establishing additional misconduct, may be used as a basis for additional findings of misconduct.[13] For example, in the reinstatement proceeding that preceded the decision in *In re Vanderslice*, the

---

[8] Tr. 21,22.
[9] Tr. at 21.
[10] Tr. at 22.
[11] Petition at Paragraph 8 and its Exhibit [**].
[12] In re Vanderslice, 116 A.3rd 1234 (Del. 2005), Opinion at 9, Poliquin,149 A 3rd1115, 1142-1143 (Del. 2012).
[13] Such as are being considered in this matter.

4

petitioner presented inaccurate information when he testified that the specific instances that were the basis of the discipline that led to his suspension were the only times that he had taken money from his (former) firm, and that assertion was also made in deposition testimony and his reinstatement questionnaire.[14] When further evidence emerged showing that Vanderslice's assertions in his reinstatement proceeding were inaccurate, further disciplinary proceedings were initiated that led to Vanderslice's disbarment based on violations of Rule 3.3(a)(1).[15]

While we doubt that the Court requires an attorney to speak perfectly in every instance, the Panel believes that the Court expects that when an attorney testifies before an adjudicatory body, the testimony will be responsive, accurate and complete.[16] Evasive or deliberately vague answers are inappropriate, because they can be equally deceptive. We feel that the obligation of full candor is heightened in circumstances when the attorney has a personal stake in the outcome, such as a disciplinary proceeding.[17] The consequence of Respondent's inaccurate testimony was that the *Lankenau 1* Panel did not have a complete understanding of his professional (mis)conduct for the purposes of considering the balance of aggravating and mitigating factors in the sanctions determination for the charges he was facing then and, he avoided having additional charges of misconduct considered in that proceeding.

We do not find Respondent's contention that ODC knew of the Pickens and Chavis matters in the Spring and Summer of 2015 persuasive, or even helpful. At that time no complaints had been filed in Delaware. In fact, because Respondent had testified that he told ODC that he had recommended to his employer that he find Delaware counsel to file the suit, ODC may have been under the impression that Respondent would not file complaints for these matters in Delaware. It was not until the Fall of 2015 and after these communications with ODC, that Respondent improperly filed the Delaware complaints without a Delaware office. These prior communications suggest that Respondent knew of the importance of whether or not he had filed these matters when he failed to disclose them in his testimony in the November 2015 hearing. Consistent with the findings in *Poliquin* and *Vanderslice*, we find that inaccurate testimony in a disciplinary proceeding may violate the Rule 3.3(a)(1) duty of a candor to a tribunal. Accordingly, ODC has established by clear and convincing evidence that Respondent's testimony in his November 12, 2015 disciplinary hearing violates Rule 3.3(a)(1).

In light of the factual findings above, Respondent has also violated Rule 8.4(c), which makes it professional misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Here we find that his failure to provide accurate and complete testimony about his practice of law in Delaware was a misrepresentation of fact.

---

[14] *In re Vanderslice*, 116 A.3rd 1244, WL3858865 (Del. 2015), Order at 9.
[15] *Id.*
[16] Or, as in *Poliquin*, if incorrect information is given to a tribunal, it will be corrected promptly.
[17] *In Re Poliquin*, at 1141.

Following the conclusion of the violations portion of the hearing, the Panel took a recess during which it considered whether ODC had established the charged violations by clear and convincing evidence. The Panel then reconvened the hearing and announced to the parties that it had found that the Respondent had engaged in the misconduct charged in the Petition, as amended. The parties then presented their evidence and arguments regarding sanctions.

## Recommendation on Sanctions

The Supreme Court looks to the ABA Standards for Imposing Lawyer Sanctions (the "Standards") as a guide when imposing disciplinary sanctions. The Standards require consideration of four factors: (1) the ethical duty(ies) violated; (2) the lawyer's mental state; (3) the extent of actual or potential injury caused by the lawyer's misconduct; and, (4) the existence of mitigating or aggravating factors. *In re Bailey,* 821 A.2d 851, 866 (Del. 2003). The first three are considered together to make a preliminary determination of the appropriate sanction (the "presumptive sanction"). *In re* Steiner, 817 A.2d 793, 796 (Del. 2003). It may then be adjusted upward or downward depending upon the balance of aggravating and mitigating factors.

### (1) Duties violated.

The Panel has found four violations of the Rules in connection with Respondent filing two complaints in Delaware Superior Court and then failing to disclose them when asked about his Delaware activities during a November 12, 2015 disciplinary hearing. Two involve intentional disregard of Superior Court Civil Rule 90 requiring him to have a Delaware office in order to file a complaint in the Delaware Superior Court. (knowingly disobeying an obligation under the rules of a tribunal and engaging in conduct that is prejudicial to the administration of justice.) and two involve his lack of candor in his testimony before a Panel of the Board on Professional Responsibility (lack of candor to a tribunal and conduct that involves misrepresentation). All fall within "duties to the legal system" as defined in the Standards. A full discussion of the violations can be found in the findings of violation section above.

### (2) Lawyer's state of mind

The ODC has argued that all of the violations should be considered "knowing" violations. Respondent argued that at least the lack of candor violations were negligent. The Standards state that "knowledge" is "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result." They state that "Negligence" is "the failure to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation." As pointed out by ODC, DLRPC Rule 1.0(f) is instructive regarding whether or not Respondent acted knowingly. It is based upon the person knowing the facts in question, which knowledge can be inferred from the circumstances.

6

(a)   *Disobeying an obligation under the rules of a tribunal.* There is no question in the evidence on the record that Respondent knew the facts that triggered his ethical obligations under Rule 3.4(c) and 8.4(d). Respondent's own testimony established that he knew he needed to have a Delaware office to file a complaint.

Accordingly, the Panel recommends that the Court find that Respondent's violations of Rule 3.4 and 8.4(d) were "knowing" for the purpose of applying the Standards.

(b)   *Lack of Candor.* From a careful evaluation of Respondent's testimony at the November 2016 hearing, the Panel concludes that, at the time he testified in 2015, Respondent knew that his testimony was not accurate or complete. In his 2015 testimony, when asked what matters he had in Delaware since joining the Kofsky firm, Respondent testified that he had handled a Delaware District Court matter, but Respondent had subsequently withdrawn from that suit. A reasonable inference from this testimony is that he had no matters in Delaware courts at the time of the hearing, when he knew that this was not true.

The Panel therefore recommends that the Court find that Respondent knowingly violated his obligations requiring candor to a tribunal under Rule 3.1(a) and to avoid conduct that results in misrepresentation under 3.4(c).

(3) Existence of actual or potential injury caused by the lawyer's misconduct

The legal system depends upon lawyers to follow the rules. Failure to adhere to the rules of a court is conduct that undermines the public confidence in the system and potentially endangers the interests of the clients represented by the attorneys who violate the rules. We find that the violations of obligations under rules of a tribunal caused potential harm to the legal system and Respondent's clients. The obligations of candor are designed to support the jurisprudential objective to bring relevant evidence before the finder of fact. An attorney's failure to be truthful undermines the integrity of the legal system and undermines the public's confidence in the trustworthiness of that system. Here the Respondent was untruthful in his own disciplinary hearing. We find that this caused actual harm to the legal system.[18]

(4) Presumptive Sanction

Standard 6.12 states that "Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding or causes and adverse effect or potentially adverse effect on the legal proceeding."

---

[18] *In re Vanderslice,* Opinion at 12 (Panel's finding of actual harm approved by the Court's Order).

7

Standard 6.22 states that "Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or party, or causes interference or potential interference with a legal proceeding.

Standard 8.0 should be considered in the context of prior disciplinary orders, where the respondent has violated prior disciplinary orders or the misconduct is the same or similar to the misconduct leading to the earlier discipline.

While the prior misconduct did involve dishonesty, the circumstances were different from those in the circumstances being considered in this proceeding. Thus we recommend that the appropriate Standards are 6.12 and 6.22.

Respondent argued that the presumptive penalty should be a public reprimand, not additional suspension. This sanction would be appropriate if the violations were negligent. However, Respondent's violations were knowing. He has conceded that his violation of the obligation to have a Delaware office was knowing. This panel has found that his inaccurate testimony was also knowing. He failed to disclose in his testimony the two cases filed in the Delaware Superior Court, with full awareness of their existence. Thus his testimony was inaccurate and incomplete and created a misimpression about whether he had engaged in professional misconduct in Delaware after joining the Kofsky Law firm.

In light of the Panel's findings of knowing violations and some actual and potential injury resulting from the misconduct, suspension is the presumptive sanction under the ABA Standards.

(5) Mitigating and aggravating factors

The Panel does not find any mitigating factors. Respondent's response to questions asking him to explain the filing of complaints without a Delaware office was that he had to choose between protecting the rights of clients on the last day before the statute of limitations ran and violating the rule. While the Panel would be sympathetic with circumstances in which there is a true "Hobson's Choice," Respondent's testimony does not present one here. He provided no reasons why a Delaware attorney with a Delaware office could not be found even on the last day before the statute of limitations ran. In fact, his admission that these matters had been in the office for months prior to the deadline, suggests that this was not a reasonable excuse, and certainly does not rise to the level of a mitigating circumstance. Regarding the lack of candor, while the Panel recognizes that it is a different experience for an attorney to be in the witness chair rather than to be the one asking the questions, we do not find that tiredness or distraction of being a witness in his own disciplinary hearing rises to a mitigating factor. Respondent offered no testimony beyond his own to support any mitigation of the presumptive sanction. In fact, he presented no evidence on any of the other mitigating factors.

For aggravating factors, the Panel finds that Respondent did have prior violations and substantial experience in the practice of law. He may also have a selfish motive to give the misleading

8

testimony in that it tended to downplay the severity of his overall misconduct in the prior hearing and left the impression that no further misconduct was occurring, when, in fact, Respondent was committing misconduct during the pendency of the prior disciplinary proceedings. Although the Panel does not find that Respondent obstructed the process in bad faith or submitted false information to the tribunal with the intent to subvert the process, the Panel is troubled by his casual, careless approach that infected his testimony before the Panel in the prior proceeding. The Panel feels that this failure to act diligently and carefully while testifying in a proceeding where his professional reputation, and even career, is on the line, showed a lack of respect to the ODC and Court, negatively affected his credibility and should be considered as an aggravating factor under these circumstances.

Although aggravating factors outweigh the mitigating factors, the Panel does not find that they sufficiently outweigh them to increase the sanction to disbarment. As a result, the Panel does not recommend any change from the Presumptive Sanction under the Standards.

### (6) Recommended Sanction

For the reasons stated above, the Panel recommends that the Court suspend the Respondent for an additional period of time. Specifically, the Panel recommends an additional period of 6 months to be added to his suspension, to begin at the end of the term of his initial suspension. Since the overall suspension exceeds 6 months the Respondent will have to reapply for admission into active practice once the term of the suspensions has been reached.

BOARD ON PROFESSIONAL RESPONSIBILITY

Richmond L. Williams, Esquire
Panel Chair

John L. Reed, Esquire
Panel Member

Deborah L. Miller, Ph.D.
Panel Member

Dated: Feb. 7, 2017

9

## Certificate of Service

I hereby certify that on this 6th day of February I did notify the parties of the foregoing Report and Recommendation in the matter of In Re Lankenau, Board Case #112867-B, by sending a PDF copy of said report to the parties by email as follows:

1. To the Respondent, S. Harold Lankenaugh at hlankenaulaw@gmail.com
2. To the Office of Disciplinary Counsel, care of Patricia Schwartz at patricia.schwartz@state.de.us

Richmond L. Williams

Panel Chair

Board on Professional Responsibility